[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #125
CT Page 6193
The plaintiffs in this case challenge the action of the defendant Housing Authority of the City of New Haven (HANH) in acquiring and leasing to the defendant Gracie White, a single family home located at 145 West Park Avenue, New Haven, for residential purposes. The property in question was acquired by HANH in 1997 as a "scattered site" unit.
The plaintiffs claim that § 8-44 of Conn. Gen. Stat. required that notice of a public hearing of such acquisition be published prior to such acquisition and that the notice published with respect to this property was inadequate to satisfy the requirements of § 8-44 as it did not specifically state that the property was being acquired for intended residential use "as a housing project." Thus the plaintiffs claim that they were deprived of the opportunity to attend the hearing and comment upon such acquisition.
The plaintiffs also claim that HANH violated its own guidelines for the selection of scattered site housing in that the property at issue was not located outside of areas of minority concentration.
The plaintiffs claim various types of equitable relief including barring HANH utilizing the property for residential use and requiring HANH to divest itself of the property along with such other relief as the court may deem appropriate.
The plaintiffs are two non-profit corporations, one of which, Edgewood Village, Inc., alleges that it owns property at 139 West Park Avenue and the other, Edgewood Neighborhood Association, alleges that it is "established for the purposes of preserving and advancing the common good of residents and owners of property in the Edgewood Neighborhood." The plaintiffs allege harm in the form of diminution of property values in the neighborhood on the basis that HANH has failed and is failing to provide adequate supervision to assure that "scattered site" units are properly maintained including the subject property.
The defendant, Gracie White, by virtue of her motion to be added as a party defendant has been so added by order of the court. Gracie White remains a tenant of the subject property at 145 West Park Avenue. The defendant White has now moved to dismiss this action for lack of subject matter jurisdiction claiming that the plaintiffs lack standing.
In passing upon this motion to dismiss, some history of this case is important. The plaintiffs originally instituted suit against HANH raising the instant claims in a suit which was dismissed by Judge CT Page 6194 William J. Sullivan due to procedural defects. Those defects were raised in a motion to dismiss which was filed by HANH which motion also raised the issue of the plaintiffs standing to bring that action. (Edgewood I). Gracie White was not a party to Edgewood I. This motion to dismiss raises the same issues relating to standing as did the motion to dismiss filed by HANH in Edgewood I, to the extent that such claim is based upon noncompliance with the requirements of § 8-44.
In his memorandum of decision, Judge Sullivan held that the plaintiffs did have standing to bring that action and thus the court was not deprived of subject matter jurisdiction for that reason. Judge Sullivan held that § 8-44 did not give the plaintiffs statutory standing but that they did have standing based on classical aggrievement.
The defendant White argues that Judge Sullivan was incorrect in this holding and that this court should rule to the contrary. One issue thus presented is whether Judge Sullivan's ruling has the effect of res judicata meaning that it cannot be disregard or the effect of being the law of the case in which it may be disregarded under certain circumstances. CFM of Connecticut, Inc. v. Chowdhury, 239 Conn. 375, 403
(1996).[1] However, this court does not believe that a resolution of that issue is necessary since in either event the ruling of Judge Sullivan should not be disregarded. While a judge is not bound by the interlocutory ruling of another judge in the same case, "a judge should hesitate to change his own ruling and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 86, 99
(1982). Given the issue presented to Judge Sullivan and his thorough consideration thereof, this court declines the invitation of defendants' counsel to issue a contrary ruling on the same question of standing.
Judge Sullivan did not, however, decide the claim that the plaintiffs have no standing to raise the issue of whether the defendant HANH violated its own guidelines for the selection of scattered site housing requiring that such housing be located outside of areas of minority concentration.
In order for a party to have standing based upon classical aggrievement, it must first demonstrate a specific personal and legal interest in the subject matter of the decision and also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law. Crone v. Gill, 250 Conn. 476, 480
(1999). The plaintiffs have not alleged nor demonstrated any interest that has been specially and injuriously affected by the alleged failure of the HANH to follow its guidelines as to the location of scattered site housing. Judge Sullivan in his memorandum of decision held that the plaintiffs' allegations with respect to a diminution of property values CT Page 6195 was too speculative to be considered as a basis for classical aggrievement, a holding with which this court agrees. The interest which Judge Sullivan found was injuriously affected was their opportunity to attend a properly noticed public hearing. Obviously there is no such interest arising from the claim that the HANH did not follow its own internal guidelines.
Therefore, to the extent that the plaintiffs seek standing by virtue of the alleged failure of the HANH to follow its guidelines as to the location of scattered site housing it is the opinion of the court that they have no such standing and the motion to dismiss is granted to the limited extent that the complaint seeks relief on that basis. To the extent that the complaint seeks relief based upon the alleged failure to comply with the notice requirements of § 8-44 of the Conn. Gen. Stat., the motion to dismiss is denied.
Bruce W. Thompson, Judge